IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL LUIS FELICIANO HERNANDEZ<br><br>Plaintiff<br><br>v.<br><br>MIGUEL A. PEREIRA CASTILLO, Former Secretary of the Department of Corrections and Rehabilitation and Director of Corrections of the Commonwealth of Puerto Rico, and the conjugal partnership formed between him and Jane Doe #1;VICTOR M. RIVERA GONZALEZ, Former Secretary of the Department of Corrections and Rehabilitation and Director of Corrections of the Commonwealth of Puerto Rico, and the conjugal partnership formed between him and Jane Doe #2 ; ZOE M. LABOY ALVARADO, Former Secretary of the Department of Corrections and Rehabilitation and Director of Corrections of the Commonwealth of Puerto Rico, and the conjugal partnership formed between her and John Doe #1 ; NYDIA M. COTTO, VIVES Former Director of Corrections of the Commonwealth of Puerto Rico, and the conjugal partnership formed between her and John Doe #2 ; JOSEPH COLON MORALES, Former Director of Corrections of the | CIVIL NO.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

1

| |
|---|
| Commonwealth of Puerto Rico, and the conjugal partnership formed between him and Jane Doe #3; Department of Corrections and Rehabilitations Facilities Superintendents John Poe #1, #2. #3,# 4, and #5.<br><br>Defendants |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff through his undersigned attorneys and complaining against the Defendants, State, Allege and Pray:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC sec. 1983, and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC sec. 1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the supplementary jurisdiction of the Court to hear and decide claims arising under the laws of Puerto Rico, pursuant to 28 USC sec.1367.

2. This is the proper venue to bring this action, since the cause of action arose in this district.

### THE PARTIES

### A. Plaintiff

3. Plaintiff **Angel Luis Feliciano Hernández** (hereinafter "Feliciano Hernández") is of legal age, widower, and resident of Mayaguez, Puerto Rico.

### B. Defendants

4. On or before June 24, 2008 Defendant **Miguel A. Pereira Castillo** (hereinafter "Pereira") was the Secretary of the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico (hereinafter " Department of Corrections") and Corrections Administrator. He is being sued on the basis of his deliberate indifference and/or reckless disregard of the rights of the plaintiff who was held incarcerated beyond the term of his sentence. He is sued for his failure to take any action upon being notified of the violations of the plaintiff's rights, denying him due process of law, and for his failure to assure adequate training and supervision of personnel under his supervision and failure to implement effectual practice and procedures to protect the interests and constitutional rights of the plaintiff. Jane Doe # 1 and the conjugal partnership are subsidiary liable for the damages caused to plaintiff.

5. **Víctor M. Rivera González,** (hereinafter "Rivera"), was the Secretary of the Department of Corrections and Rehabilitation and Corrections Administrator of the Commonwealth of Puerto Rico from January 2001 to December, 2002. He is being sued on the basis of his deliberate indifference and/or reckless disregard of the rights

3

of the plaintiff who was held incarcerated beyond the term of his sentence. He is sued for his failure to take any action upon being notified of the violations of the plaintiff's rights, denying him due process of law, and for his failure to assure adequate training and supervision of personnel under his supervision and failure to implement effectual practice and procedures to protect the interests and constitutional rights of the plaintiff. Jane Doe # 2 and the conjugal partnership are subsidiary liable for the damages caused to plaintiff.

6. **Zoé M. Laboy Alvarado**, (hereinafter "Laboy") was Secretary of the Department of Corrections and Rehabilitation and Administrator of Corrections of the Commonwealth of Puerto Rico from September 1998 to December 2000. She is being sued on the basis of his deliberate indifference and/or reckless disregard of the rights of the plaintiff, who was held incarcerated beyond the term of his sentence. She is sued for her failure to take any action upon being notified of the violations of the plaintiff's rights, denying him due process of law, and for failure to assure adequate training and supervision of personnel under her supervision and failure to implement effectual practice and procedures to protect the interests and constitutional rights of the plaintiff. John Doe # 1 and the conjugal partnership are subsidiary liable for the damages caused to plaintiff.

7. **Nydia M. Cotto Vives,** (hereinafter "Cotto") was Director of Corrections of the Commonwealth of Puerto Rico from January 1997 to June 1998. She is being

4

sued on the basis of her deliberate indifference and/or reckless disregard of the plaintiff who was held incarcerated beyond the term of his sentence. She is sued for her failure to take any action upon being notified of the violations of the plaintiff's rights, denying him due process of law, and for failure to assure adequate training and supervision of personnel under her supervision and failure to implement effectual practice and procedures to protect the interests and constitutional rights of the plaintiff. John Doe # 2 and the conjugal partnership are subsidiary liable for the damages caused to plaintiff.

8. **Joseph Colón Morales**, (hereinafter "Colón') was Director of Corrections Department of the Commonwealth of Puerto Rico from December 1994 to December 1996. He is being sued on the basis of his deliberate indifference and/or reckless disregard of the rights of the plaintiff who was held incarcerated beyond the term of his sentence. He is sued for his failure to take any action upon being notified of the violations of the plaintiff's rights, denying him due process of law, and for his failure to assure adequate training and supervision of personnel under his supervision and failure to implement practice and procedures to protect the interests and constitutional rights of the plaintiff. Jane Doe # 3and the conjugal partnership are subsidiary liable for the damages caused to plaintiff.

9. The Department of Corrections and Rehabilitations Facilities Superintendents John Poe #1, #2. #3,# 4, and #5, were the persons in charge of the

5

different Department of Corrections facilities where Feliciano Hernández was unlawfully confined beyond the term of his sentence. As Superintendents of the correctional facilities, these defendants were directly responsible for the proper classification and release of the inmates under their custody.

## FACTUAL STATEMENT

10. Feliciano Hernández was born on January 6, 1942 in Mayaguez. He studied the first two years in elementary school in Puerto Rico's public school system and while imprisoned he obtained a seventh grade education.

11. He was incarcerated several times and the last sentence against him was issued on April 14, 1981. The judgment provided the following penalty: " Perpetual imprisonment, for treatment until his social rehabilitation is accomplished. It is adjudged that the minimum imprisonment will be 12 years." People v. Feliciano Hernández, Criminal Number G-80-603-06, Superior Court of Mayaguez.

12. Upon appeal, on October 21, 1981 the Puerto Rico Supreme Court confirmed the judgment through opinion published in Pueblo v. Angel S. Feliciano Hernández, 113 D.P.R. 371 (1982), Official Translation at Volume 13, Puerto Rico Reports, Vol. I. , p. 483-488. In its ruling the Supreme Court stated:

"Appellant was charged with attempt to commit rape, two violations of art. 105 of the Penal Code, 33 L.P.R.A. sec. 4067 (lewd and indecent acts), two violations of art. 131 (33 L.P.R.A sec. 4172) (aggravated restraint of liberty) and one violation of

art. 4 of the Weapon Law, 25 L.P.R.A. sec. 414, for events which took place on the night of September 8, 1980. **After hearing the evidence, the court ordered peremptory acquittal of the defendant in the case of attempt to commit rape.** The jury found him guilty of the violations of arts. 105 and 131 of the Penal Code. The judge came to the same conclusion with regard to art. 4 of the Weapon Law." Volume 13, Puerto Rico Reports, Vol. I. , p. at page 483.

The Supreme Court further stated:

"Later on the court took judicial notice of the alleged convictions, which were certified by the Clerk, and <u>ordered the convict to be permanently separated from society, through life imprisonment, to receive treatment until he was rehabilitated.</u> **The minimum term of said imprisonment was twelve years.**" Id at 484, emphasis provided.

13. The Department of Corrections determined that based on the sentence Feliciano Hernández would complete minimal imprisonment (twelve natural years) on **January 30, 1993.** At that date the plaintiff would have also completed treatment and social rehabilitation.

14. Contrary to the above, it was not until **June 24, 2008,** after Habeas Corpus proceedings, that Feliciano Hernández was released from prison.

7

15. Since completing the minimal imprisonment requirement, the plaintiff was unlawfully imprisoned and confined in the correctional system of Puerto Rico in excess of fifteen (15) years.

16. In violation of the law and applicable regulations, all the defendants, with actual or constructive knowledge of the plaintiff's unlawful imprisonment and in reckless disregard of the plaintiff's constitutional rights, did not apply good-time credit and sentence reductions to Feliciano Hernández.

17. During the time Feliciano Hernandez was imprisoned, he received training in several trades and occupations, such as gardening, agriculture, laundry, floor polishing, warehousing, truck and heavy equipment operations, and handicrafts. His evaluations and progress reports in the applications of his training were excellent, which evidenced his rehabilitation process which should have been indicated in the report that the superintendent of the correctional institutions had the duty to prepare.

18. Inapposite to applicable regulations, the Department of Corrections, and the defendants, for purposes of sentence reductions did not consider Feliciano Hernández's achievements in his assigned training and tasks. If considered, Feliciano Hernández performance in his assigned training and tasks would have significantly reduced the twelve natural years to which he had been sentenced.

19. Upon completing the minimum imprisonment requirement of his sentence, during the next fifteen years of incarceration, Feliciano Hernández was

evaluated several times by the Corrections' Parole Board, an institution under the Department of Corrections, without obtaining release from imprisonment to which he had a right after rehabilitation.

20. After 1993, on a yearly basis the Corrections' Parole Board would review the plaintiff's case and his request for parole was denied through diverse excuses and asserted exigencies which the plaintiff had already met. The Parole Board did not grant parole to the plaintiff nor did it notify the Administration of Correction of the nature of the plaintiff's sentence and of his rights to be released from imprisonment.

21. In multiple occasions during his imprisonment Feliciano Hernández was submitted to the correctional system drugs and alcohol tests and the result of these were negative.

22. While in prison, the plaintiff became an ordained pastor.

23. Psychological evaluations of the plaintiff, conducted after having served the twelve years minimal sentence imposed, deemed the following: (a) he is an assertive person, who freely expresses his thoughts, opinions, and wishes; (b) has rational, logical and coherent thoughts; (c) shows regret for errors committed; (d) has proper manners; (e) has interest in dedicating himself to family and to be useful to the community; (f) does not show interpersonal problems nor with authority. It was recommended in the evaluations that he be granted any privilege due.

24. After having served the imposed twelve years minimal sentence, the plaintiff was not the subject of complaint or disciplinary proceeding, and on the year 1996 he was reclassified to minimal custody status, condition which he maintained until released from prison.

25. In 1998, in *pro se* appearance before the courts of Puerto Rico the plaintiff claimed his rights to be released from prison. On Jun 23, 1998, the court entered Order requiring the Corrections Department to explain the reason for the plaintiff 's incarceration in view of the April 14, 1981 judgment. The Corrections Department opposed the plaintiff's claim, and informed the court that the plaintiff's case was before the Corrections' Parole Board.

26. On August 16, once again, the Correction's Parole Board denied the plaintiff's request for parole, without giving notice to the Administration of Correction of the nature of the plaintiff's sentence and of his rights to be released from imprisonment.

27. During the month of May, 2000 Feliciano Hernández was referred to a Department of Corrections psychological program entitled "Learning to Live Without Violence." On April 18, 2001 the final report on plaintiff's achievement in this program show that: (a) he approved 125 hours in the program; (b) he has borderline intelligence; (c) did not show indicators of anxiety, fear and indecision; (d) his affective area was found within normal limits; (e) his behavioral problems were within

normal limits; (f) his physical reaction to tensions were within normal limits; and (g) the psychologist recommended community follow-up.

28. Carmen I. Negrón Ortiz, the plaintiff's wife, on June 2001 certified that she would accept him in her home both for temporary passes and liberty on parole.

29. On October 2002 the plaintiff's wife died, without him receiving leave to share time with her, their daughter and grandchildren.

30. During 2003 and 2004, Department of Corrections' employees informed their supervisors of the plaintiff's unlawful incarceration, detailing, among others that: (a) he had been imprisoned in excess of 22 years; (b) he had been classified on minimal custody for more than 8 years;( c ) he was 61 years old; (d) he did not required further therapy, and his work was uninterrupted and satisfactory.

31. The Department of Corrections persisted in its arbitrary designation of the plaintiff' conviction for the crime of rape or attempt, which were not the offenses for which he had been sentenced. The classification given by the Department of Correction adversely affected the plaintiff's evaluations, rights and privileges during his unlawful incarceration.

32. On September 14, 2005, the plaintiff filed Mandamus proceedings before the Superior Court of Puerto Rico, moving the court to Order the Department of Corrections to rectify its records to properly show the offenses for which he had been

sentenced. The court granted the petition and ordered the Department of Corrections to rectify the plaintiff's records.

33. The Superior Court Order notwithstanding, the Department of Corrections insisted in denying the plaintiff's rights and privileges under the reasoning that he had been condemned to "perpetual imprisonment."

34. On May 29, 2007 the plaintiff, represented by counsel, filed Habeas Corpus before the Superior Court of Mayaguez. On April 25, 2008 the court determined that from the date the minimal sentence requirement was met, the Department Of Correction was supposed to "conduct yearly evaluations of the petitioner to determine when it should cease the security measurements imposed, something which it did not do."

35. After further proceedings, on June 24, 2008, the Court granted the Habeas Corpus, holding that the sentence had expired after the plaintiff had served 12 years of imprisonment, and ordered the plaintiff's immediate release from prison.

## CAUSES OF ACTION

**A. Cruel and unusual punishment, unlawful imprisonment, and denial of due process.**

36. Plaintiff incorporate by reference each and every allegation contained in paragraph 1 through 35, as if fully set forth herein.

37. Each defendant, during the time he/she held supervisory position at the Corrections Department, was acting under color of the laws of the Commonwealth of Puerto Rico.

38. Each defendant, during the time he/she held supervisory position at the Corrections Department, knew that to subject an inmate to incarceration beyond the expiration of his sentence, was a deprivation of the inmate Eighth Amendment rights and due process of law.

39. In keeping the plaintiff confined beyond the term of his sentence, each defendant acted with deliberate indifference and/or reckless disregard of the plaintiff's Eighth Amendment rights and due process of law.

40. Each defendant, unjustifiable deprived the plaintiff of liberty in violation of his Eighth Amendment rights and due process of law.

41. Each defendant, acting under color of the laws of the Commonwealth of Puerto Rico, without due process, unjustifiable deprived the plaintiff of liberty causing him profound continuous and successive damages.

**B. Failure to Train, Monitor, Classify, Evaluate and Discipline**

42. Plaintiff incorporate by reference each and every allegation contained in paragraph 1 through 35, as if fully set forth herein.

43. Each defendant was responsible for the monitoring, disciplining, evaluating, training and supervising any and all personnel under their charge.

44. On information and belief, these defendants failed in their duty to assure adequate monitoring, disciplining, evaluating, training and supervising any and all personnel under their charge, to assure that all inmates were properly classified and released upon completion of their sentence.

45. Had the defendants complied with their supervisory duties, they would have identified those employees that did not properly register the plaintiff's classification and inaccurately categorized the crimes for which he had been sentenced.

46. Each defendant failure in monitoring, disciplining, evaluating, training and supervising any and all personnel under their charge, caused profound continuous and successive damages damages to the plaintiff.

**C. Puerto Rico law claims.**

47. Plaintiff incorporate by reference each and every allegation contained in paragraph 1 through 46, as if fully set forth herein.

48. The acts and omissions of each defendant described herein constitute a violation of the right to equal protection of the law, the right to liberty, and due process of law under the Constitution of the Commonwealth of Puerto Rico.

14

49. The acts and omissions of each defendant described herein are actionable under the tort law of Puerto Rico, Article 1802 of the Civil Code, 31 Laws of PR Ann. Sec. 5141.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff requests that the court issue the following relief, jointly and severally, against all defendants:

1. Award reasonable and appropriate compensatory damages to the plaintiff, which damages are estimated at this time to be in excess of Five million dollars ($5,000,000.00);

2. Award exemplary and punitive damages in excess of Two million dollars ($2,000,000.00), in order to deter similar unlawful acts in the future;

3. Award reasonable attorneys fees and costs, as well as applicable interests;

4. Grant such other and further relief as may appear just and reasonable.

A jury trial is hereby demanded.

Respectfully submitted, in San Juan, Puerto Rico, this 23rd day of June, 2009.

s/Federico Lora López, Esq.  
USDC-PR 201202  
P.O. Box 194266  
San Juan, PR 00919-4266  

Tel. (787) 758-4995  
Fax (787) 751-1578  

s/José Juan Nazario de la Rosa  
USDC-PR214401  
Edificio Alma Mater  
867 Calle Domingo Cabrera  
Santa Rita,SJ, PR 00925-2412  
Tel. (787) 758-0315  
Fax (787) 758-0315

E-mail: rosslora@prtc.net						E-mail: nazysant@caribe.net

16