IN THE UNITED STATES DISTRICT COURT

FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL FELICIANO HERNANDEZ,<br><br>     Plaintiff<br><br>          v.<br><br>MIGUEL PEREIRA CASTILLO, ET AL.,<br><br>     Defendants. | CIV. NO. 09-1569 (PG) |

**OPINION AND ORDER**

Before the Court is plaintiff Angel Luis Feliciano Hernandez'("Plaintiff" or "Feliciano") Motion for a New Trial under Rule 59(a) and for Amended and Additional Findings of Fact under Rule 52(b) (Docket No. 39). As the motion's title indicates, Plaintiff would like the Court to alter its Judgment dismissing the case entered on August 24, 2010 (Docket No. 38) by revisiting and reconsidering its Opinion and Order (Docket No. 37). In so doing, the Court is also asked to amend or make additional findings of fact that support Plaintiff's contentions that the Court's reasoning was erroneous. For the following reasons, and primarily because Plaintiff merely rehashes his arguments that were dispelled in this Court's twenty-two-page Opinion, the motion is **DENIED**.

**I. Procedural Background**

Plaintiff filed his complaint on June 23, 2009 in which he named five (5) former Secretaries and Administrators of the Puerto Rico Department of Corrections and Rehabilitations("DOC"), their spouses and conjugal partnerships, and five (5) DOC Facilities Superintendents, whose names are unknown and were identified in the complaint as John Doe # 1 through # 5 ("Defendants"). Plaintiff's complaint is premised upon violations of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983"). Those violations arise from his allegedly unlawful incarceration by DOC officials who purportedly knew but were deliberately indifferent to the fact that he was serving time beyond his sentence,  subjecting Plaintiff

to over fifteen years of imprisonment without penological justification. Only defendant Zoe M. Laboy Alvarado ("Laboy") moved to dismiss the complaint (Docket No. 10).  Plaintiff timely opposed the motion to dismiss (Docket No. 14).  The Court granted Laboy's motion to dismiss and additionally dismissed the complaint against Defendants (Docket No. 37).

    The Court dismissed all claims on August 24, 2010 (Docket No. 37 and 38).  The Court determined that dismissal was appropriate because Plaintiff's Section 1983 claims against Defendants failed to establish liability due to the fact that Plaintiff only presented generalized assertions (Docket No. 37).  In light of these assertions, the Court concluded that Plaintiff was merely parroting the First Circuit's liability standard without sufficient factual enhancement to support his constitutional claims.  Plaintiff failed to specify how Laboy or any of the Defendants knew that Plaintiff was wrongfully incarcerated or how they acted with deliberate indifference in keeping Plaintiff confined beyond the term of his sentence.  Plaintiff did not allege that any of the Defendants promulgated any policy that led to the bungling of his sentence, nor does he specify which practices and procedures Defendants failed to implement to protect Plaintiff's constitutional rights. Plaintiff also fails to allege any facts specifically linking Defendants' training or supervision of subordinate personnel to the erroneous classification of his sentence.

    The Court concluded that Plaintiff's suit should be dismissed because the complaint "does little more than assert a legal conclusion about the involvement of the administrative correctional defendants in the underlying constitutional violation." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009).  In essence, Plaintiff's claims were found to be "precisely the type of 'the-defendant-unlawfully-harmed me' allegation that the Supreme Court has determined should not be given credence when standing alone." Id.  Our Circuit has established that supervisory liability premised on deliberate indifference requires that the supervisor conduct or order the violation. Id. at 50; Maldonado v. Fontanes, 568 F.2d 263, 275 (1st Cir. 2009).

    Feliciano also presented supplemental claims under Puerto Rico law. However, the Court refrained from considering these claims because it concluded that the case should be dismissed. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("The balance of factors ordinarily weigh strongly in favor of declining jurisdiction over state

Civ. No. 09-1569 (PG)                                                    Page 3

law claims where the foundational federal claims have been dismissed at an early stage in the litigation.").

Plaintiff presented his motion for reconsideration on September 6, 2010 (Docket No. 39). In his motion, Plaintiff alleges that the Court's decision to dismiss his claim constituted a *sua sponte* dismissal that did not accurately consider Plaintiff's statement of facts. For the reasons that follow, the Court disagrees with Plaintiff.

## II. Standard of Review

**A. Rule 59 (a) and 52(b) Motion**

Plaintiff has timely filed a joint Fed.R.Civ.P. 59(a) and 52(b) motion for a new trial and amended or additional findings. By its very definition, Rule 59(a) is applicable in situations where there has been a trial. Fed.R.Civ.P. 59(a)(1) and (2).[1] The instant case never made it to trial because the Court dismissed the case. The Court concludes that a discussion of the applicability of Rule 59(a) in this case would be entirely academic. As a result, a discussion of the applicability of Rule 59(a) in the instant case is unwarranted.

"Federal Rule 52(b) provides that a district court upon motion by a party, may amend its findings or make additional findings and amend the judgment accordingly." 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2010); Fed.R.Civ. P. 52(b). A district court's ruling on a motion to amend findings "[is] committed to the sound discretion of the district court." 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2010); see also Vega v. U.S. Dept. of Justice, 178 Fed.Appx. 176, 177 (3d Cir. 2006). Federal Rule 52(b) does not provide a party an opportunity to relitigate a point, but rather to "raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law to prevent a manifest injustice or reflect newly discovered evidence." 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2582 (3d ed. 2010); see National Metal Finishing Co. v.

---

[1] The wording employed by Rule 59(a) is precise in its mandate that a new trial is applicable after a jury or nonjury trial. The rule reads: "The court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a).

Civ. No. 09-1569 (PG)                                                  Page 4

BraclaysAmerican/Commercial, Inc., 899 F.2d 119, 122-23 (1st Cir. 1990); see also Hoyos-Medina v. United States, No. 92-2283, 1993 U.S. App. LEXIS 4886, at* 12 (1st Cir. March 15, 1993) (concluding that there was no need to consider a Rule 52(b) motion because the motion substantially offers the same arguments as the brief submitted on appeal).

   Thus, Federal Rule 52(b) provides the district court with ample discretion in reviewing its decision.

### III. Discussion

**A. Facts Underlying Plaintiff's Incarceration**

   In his motion for reconsideration Plaintiff avers that the Court included a partially inaccurate representation of his statement of facts. Plaintiff specifically cites to the Court's failure to consider the following:

> 1. In violation of the law and applicable regulations, all the [D]efendants, with actual or constructive knowledge of the plaintiff's unlawful imprisonment and in reckless disregard of the plaintiff's constitutional rights, did not apply good-time credit and sentence reductions to Feliciano (Docket No. 39).
>
> 2. Upon completing the minimum requirement of the sentence, during the next fifteen years of incarceration, Feliciano was evaluated several times by the Corrections' Parole Board, an institution under the Department of Corrections, without obtaining release from imprisonment to which he had a right after rehabilitation (Docket No. 39).
>
> 3. On May 29, 2007 the [P]laintiff, represented by counsel, filed a *Habeas Corpus* [petition] before the Superior Court of Mayaguez. On April 25, 2008, the court determined that from the date the minimal sentence requirement was met, the Department of Correction was supposed to "conduct yearly evaluations of the petitioner to determine when it should cease the security measurement imposed, something which it did not do." (Docket No. 39).

   Regardless of whether or not these three assertions are mentioned in pages two (2) through six (6) of the Court's Opinion and Order (Docket No. 37), these factors are explicitly and implicitly considered in the Court's evaluation.  The Court dismissed Plaintiff's claim because it was unable to find any factual evidence that the named Defendants engaged in knowing conduct that justified supervisory liability.  The paragraphs outlined above fail to present neither evidence that Defendants were aware of Plaintiff's case nor that they engaged in policies that justify their liability.  The Court is convinced that Plaintiff must not have read its Opinion and Order (Docket No. 37) in its entirety, because these

factual claims are indeed addressed in its earlier opinion.  Even if the Court had failed to take these paragraphs into account, the Court finds that they fail to provide any indication that Defendants are liable under Section 1983.  The three paragraphs cited above provide the Court with no indication that Defendants were primary violators or otherwise direct participants involved in the violation of Feliciano's rights. Pereira-Castillo, 590 F.3d at 49.  As a result, the Court finds no purchase in Feliciano's arguments that the Court failed to consider the facts proffered by him in deciding to dismiss the complaint.

**B. *Sua sponte* dismissal**

    Plaintiff alleges that the Court's dismissal was *sua sponte* and that such a dismissal is erroneous unless the plaintiff is afforded an opportunity to amend the complaint.  Plaintiff cites González-González v. United States, for the proposition that *sua sponte* dismissals will only be upheld if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, "are patently meritless beyond all hope of redemption." 257 F3d 31, 37. (1st Cir. 2001).

    Plaintiff alleges that the Court's dismissal was *sua sponte* because the Court relied on different arguments than those proffered by the appearing defendant in her motion to dismiss.  However, the law of our Circuit states that dismissal is not *sua sponte* when it responds to a motion to dismiss. Pereira-Castillo, 590 F.3d at 40 (citing Cordero-Hernández v. Hernandez-Ballesteros, 449 F.3d 240, 243 n.2 (1st Cir. 2006)).  The First Circuit has cautioned that in situations where the district court has "any doubt that plaintiffs understood that they were in danger of having their complaint dismissed on grounds they had not had an opportunity to argue, the safest course would have been to give notice of the proposed grounds for dismissal and to take arguments on the question." Id.  Such a consideration is not dispositive in this context because the Court has no doubt that Plaintiff understood that his complaint could be dismissed due to his failure to adequately adduce that the Defendants met the requirements for liability under Section 1983. Any semblance of doubt is further eliminated by Feliciano's inability to demonstrate that Defendants were liable under Section 1983 in his motion for reconsideration.  Therefore, the Court remains convinced that its dismissal was not *sua sponte*.

    The Court rejects Plaintiff's attempt to relitigate matters already

decided by this Court.  The Court must deny Feliciano's petition for reconsideration because Plaintiff merely restates the same arguments raised in his complaint and his memorandum in opposition to the motion to dismiss.  Furthermore, Feliciano asks the Court to reconsider the same facts, in the guise of amending its decision under Rule 52(b).  The Court is not moved by Plaintiff's re-articulation of his previous argument without any further provision of evidence or an explanation as to why the Court should reach a different conclusion.

As enunciated in the Rule 52(b) standard of review, the Court is afforded a wide berth in considering whether or not to amend its decision.  The Court finds no indication that its decision to dismiss presents a manifest error of law or fact that requires correction. Moreover, Feliciano's petition for reconsideration fails to present new evidence or establish that a manifest injustice will be committed if the case is dismissed.  Most importantly, Plaintiff's claims against Defendants are simply not supported by the facts that he has averred.

The Court in its Opinion explained at length why Plaintiff failed to demonstrate that the Defendants were liable and provided ample explanation as to what steps Feliciano had failed to take in order to make a showing of an affirmative link between Defendants' actions and the violation of Feliciano's rights.  Not satisfied with the Court's decision, Plaintiff repeats the argument that all Defendants are liable under Section 1983 because they are primary violators and because they were responsible for supervising subordinates who exercised extreme indifference.  The Court will not reproduce its Opinion's extended reasoning explaining why he fails to demonstrate an affirmative link in order to establish a Section 1983 claim. See Pereira-Castillo, 590 F.3d at 49 (internal citations omitted).  Finding, once again, that Plaintiff cannot provide sufficient facts to sustain a finding that Defendants are liable as supervisors, the Court refuses to reconsider its decision to dismiss the case.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for a new trial and to alter or amend judgment (Docket No. 39) is hereby **DENIED.**


**IT IS SO ORDERED.**
In San Juan, Puerto Rico, December 8, 2010

Civ. No. 09-1569 (PG)                                                                                    Page 7

                                       S/ JUAN M. PEREZ-GIMENEZ
                                       JUAN M. PEREZ-GIMENEZ
                                       U.S. DISTRICT JUDGE